# Exhibit A
# Part 6

the Medical Staff of the Hospital as shall be appointed by the Chairman of the Board of Directors.

The Professional Affairs Committee shall:

> (a) Act as a liaison group between the Board of Directors, the President/Chief Executive Officer, and the Medical Staff;

> (b) Discuss matters of a medical-administrative nature that may be brought to its attention; and

> (c) Make such recommendations as it may deem in the best interest of the Corporation.

Section 8. Strategic Planning Committee. The Strategic Planning Committee shall consider future strategy for the Corporation, and shall formulate written long range goals and objectives. The Strategic Planning Committee shall attempt to be aware of all developments in the health care field and trends in society, and predict the effect of such developments and trends on the Corporation. A principal function of the Strategic Planning Committee shall be the development of a written statement describing the Corporation's specific role in the community in relation to all other health care facilities. The Strategic Planning Committee shall recommend to the Board of Directors a strategic plan which will enable the Corporation to adapt more readily to future conditions, to prepare for changes, and to select courses of action relative to the established goals. The Strategic Planning Committee shall:

> (a) Develop a framework for orderly decision making through the development of plans through which: (i) areas of need and opportunity are defined and analyzed; (ii) general goals related to such needs are established; (iii) alternative courses of action are identified and selected; and (iv) provisions for implementation of the plan of action and evaluation of the effect of the chosen plan are made. The overall plan shall coordinate services with other health care facilities and programs. Plans to provide or expand a specific service should be developed only when it has been determined that the proposed program represents the most effective available method for defining and meeting health care needs;

> (b) Ensure that all recommendations coming from this and other committees are consistent with the Corporation's defined role; facilitate achievement of its goals and objectives; and follow the strategic plan. It is the continuing obligation of the Strategic Planning Committee to assist the Corporation in maintaining its plan (or strategy) and in changing the plan as new factors and conditions dictate; and

> (c) Develop a sense of priorities in its examination of issues and projects so that the Corporation's resources

8

of time and money are spent on those projects which achieve the defined role of the Corporation in the community.

The Strategic Planning Committee shall consist of a minimum of three (3) members of the Board of Directors appointed by the Chairman of the Board of Directors.

Section 9. Special Committee. Special committees shall be appointed by the Chairman of the Board of Directors from the members of the Board from time to time as circumstances warrant. Special committees shall have no power to act unless such power is specifically set forth by action of the Board of Directors.

## ARTICLE VI

## Officers of the Corporation

Section 1. General Provisions. The Officers of the Corporation shall consist of a President/Chief Executive Officer, a Vice President or Vice Presidents, a Secretary and a Treasurer/Chief Financial Officer, each of whom shall be elected by, and shall serve at the pleasure of, the Board of Directors. Each Officer shall be elected or appointed for a term of office running until the next annual meeting of the Board of Directors or such shorter term as may be provided by (i) resolution of the Board of Directors or (ii) the appointment to office. Each Officer shall serve during the term of office for which he or she is elected or appointed and until his or her successor has been elected or appointed and has qualified, or until his or her earlier resignation, removal from office or death.

Any two offices may be held by the same person, except that the following pairs of offices may not be held by the same person: President and Vice President; President and Secretary; President and Treasurer.

Section 2. Removal. Any Officer may be removed from office, with or without cause, upon the majority vote of the Directors present at any meeting of the Board of Directors at which a quorum is present.

Section 3. President/Chief Executive Officer. The President/ Chief Executive Officer shall be given the necessary authority and be held responsible for supervision of the total administration of the Corporation in all its activities and departments, subject only to such policies as may be adopted or issued by the Board or by any of its committees to which the Board has delegated power for such action. He or she shall act as the duly authorized representative of the Board of Directors in all matters in which the Board of Directors has not formally designated some other person for that specific purpose. The President/Chief Executive Officer shall be a member of the Board of Directors and a member of the Executive Committee of the Board.

9

Section 4. Duties of President/Chief Executive Officer. The authority and duties of the President/Chief Executive Officer shall include among other things:

(a) Carrying out all policies established by the Board of Directors and formulating and enforcing all rules and regulations necessary and desirable for the proper conduct of the Corporation;

(b) Perfecting and submitting to the Board of Directors for approval a plan of organization of the personnel and others concerned with the operation of the Corporation;

(c) Assisting the Secretary of the Corporation with all the duties assigned to the Secretary and assuring that all notices are given in accordance with these Bylaws or as required by law;

(d) Selecting, employing, controlling and discharging all employees, and developing and maintaining personnel policies and practices for the Hospital;

(e) Ensuring that all physical properties of the Corporation are kept in a good state of repair and operating condition;

(f) Making and executing all contracts pertaining to the ordinary affairs and operations of the Corporation, except as to the execution of those contracts specifically reserved to the Board;

(g) Supervising all business affairs; and ensuring that all funds are collected and expended to the best possible advantage of the Corporation;

(h) Working with the Medical Staff and with all those concerned with the rendering of professional service to the end that the best possible care may be rendered to all the patients of the Hospital;

(i) Serving as the liaison officer and channel of communication between the Board of Directors or any of its committees and the Medical Staff or all other organizations working on behalf of the Corporation;

(j) Attending all meetings of the Board of Directors and the Executive Committee of the Board; and

(k) Performing any other duty that may be necessary in the best interest of the Corporation or that the Board of Directors shall require.

Section 5. Vice President(s). The Vice President(s) shall have such authority, duties and responsibilities as the Board of Directors shall direct and assign to him or her (them) from time to time.

Exhibit A 109 of 138

<u>Section 6</u>.  <u>Secretary</u>.  The Secretary shall attend all meetings of the Board of Directors; shall keep minutes of all meetings of the Board of Directors; shall have charge of the corporate books and seal of the Corporation; and shall perform such other duties and have such other powers as may from time to time be delegated to him or her by the Board of Directors.

<u>Section 7</u>.  <u>Treasurer/Chief Financial Officer</u>.  The Treasurer/ Chief Financial Officer shall be charged with the management of all financial affairs of the Corporation not delegated by these Bylaws to the Finance and Personnel Committee of the Board of Directors; shall have the power to recommend action concerning the Corporation's affairs to the Board of Directors and to the Finance and Personnel Committee of the Board of Directors; and shall perform such other duties and have such other powers as may from time to time be delegated to him or her by the Board of Directors.

In addition to the foregoing duties and without limitation thereof, the Treasurer/Chief Financial Officer shall:

(a)  Prepare an annual budget showing, but not limited to, anticipated revenue and expenditures; be responsible for all funds and securities of the Corporation; and receive and give receipts for monies due and payable to the Corporation from any source whatever and deposit all such monies in the name of the Corporation in such banks or other depository as shall be selected in accordance with the Bylaws;

(b)  Submit regularly to the Board of Directors, or its authorized committees, periodic reports showing the financial activities of the Corporation; and prepare and submit such special reports as may be required by the Board of Directors; and

(c)  Keep and maintain an up-to-date inventory of all property and equipment (including medical) owned or leased by the Corporation.

<u>Section 8</u>.  <u>Assistant Officers</u>.  Assistants to the Vice President(s), Secretary and Treasurer/Chief Financial Officer may be elected by the Board of Directors and shall perform such duties and have such powers as shall be delegated to them from time to time by the Board of Directors.

## <u>ARTICLE VII</u>

## <u>Medical Staff</u>

<u>Section 1</u>.  <u>Acceptance of Current Medical Staff</u>.  The staff of physicians practicing at the Hospital and the Bylaws and rules for such staff, as in effect at the time of adoption of these Bylaws, are hereby adopted as the Medical Staff and as the Bylaws

11

of such Medical Staff, subject to review, amendment and final approval by the Board.

    <u>Section 2</u>.  <u>Subsequent Changes to the Medical Staff</u>.  The Board of Directors shall hereafter appoint the Medical Staff of the Hospital in accordance with the Bylaws and rules to be adopted by such Medical Staff and which Bylaws shall be in accordance with recommendations of the Joint Commission on Accreditation of Healthcare Organizations, which provide, among other things, for the method of appointing additional staff members and for the removal of staff members and which Bylaws and any amendments thereto shall be subject to approval by the Board of Directors.

## ARTICLE VIII

### Hospital Rules and Regulations

    Such rules and regulations as are necessary for the efficient operation of the Hospital shall be adopted by the Board of Directors after receiving the recommendations of the Medical Staff and the President/Chief Executive Officer of the Corporation. The initial rules and regulations shall be the rules and regulations in effect at the Hospital on the date of the adoption of these Bylaws.

## ARTICLE IX

### Conflicting Regulations

    No charters, constitutions, bylaws, rules, provisions or regulations of any organization operating as a part of the Corporation or as an agency thereof (including the Medical Staff, the Hospital, any nursing organization or related organizations), shall be in conflict with or repugnant or contrary to these Bylaws or to the Articles of Incorporation of the Corporation or to the laws of the State of Georgia or of the United States.

## ARTICLE X

### Amendments

    These Bylaws shall be reviewed at least bi-annually and, if necessary, **may be** amended by an affirmative vote of a majority of the voting membership of the Board of Directors present at the regular monthly meeting or any special meeting of the Board of Directors.

12

## ARTICLE XI

## Indemnification by Corporation

Section 1.  Indemnification.  Any person (including the heirs, executors, administrators or estate of such person) who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (including any action by or in the right of the Corporation), by reason of the fact that he or she is or was a Director or officer of the Corporation, or is or was serving at the request of the Corporation as a director or officer of another corporation, partnership, joint venture, trust or other enterprise, shall be indemnified by the Corporation against expenses (including reasonable attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit or proceeding, if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation (and with respect to any criminal action or proceeding, if he or she had no reasonable cause to believe his or her conduct was unlawful), to the maximum extent permitted by, and in the manner provided by, the Georgia Nonprofit Corporation Code.

Section 2.  Insurance.  The Corporation may purchase and maintain insurance at its expense, to protect itself and any such person against any such liability, cost, payment or expense, whether or not the Corporation would have the power to indemnify such person against such liability.

## ARTICLE XII

## Corporate Seal

The Corporation's Board may provide for a corporate seal in such form and with such inscription as it shall determine, provided such seal shall always contain the word "Non-profit".

## ARTICLE XIII

## Waiver of Notice

Whenever any notice is required to be given under the provisions of the Georgia Nonprofit Corporation Code, of the Articles of Incorporation, or of these Bylaws, a waiver thereof in writing signed by the person entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice where such waiver is permitted by State law.  All waivers shall be filed with the corporate records, or shall be made a part of the minutes of the relevant meeting.

13

## SECRETARY'S CERTIFICATE

This is to certify that the foregoing Bylaws of the Corporation were duly adopted by the Board of Directors of the Corporation on the _11th_ day of December, 1990.

IN WITNESS WHEREOF, the undersigned, duly appointed and acting Secretary of the Corporation, has signed this Certificate and affixed the seal of the Corporation this _11th_ day of December, 1990.

_____
Secretary

[CORPORATE SEAL]

DGC\Phoebe\008

EXHIBIT "G"

<u>AGREEMENT TO BE BOUND</u>

For $10.00 and other valuable consideration and in order to induce Transferor to execute the foregoing Lease and Transfer Agreement, the undersigned Phoebe Putney Health Systems, Inc., a Georgia nonprofit corporation ("Parent Affiliate"), hereby agrees with Transferor as follows:

(a)  Parent Affiliate shall be bound by all the provisions of Section 4.16, Section 5.05, and any other section of the foregoing Lease and Transfer Agreement that are applicable to Parent Affiliate.

(b)  Upon the expiration or earlier termination of the Lease and Transfer Agreement, or in the event this Agreement or the foregoing Lease and Transfer Agreement shall become void or unenforceable, all assets of Parent Affiliate, including the Parent Affiliate's interests in its affiliates, shall become the property of the Transferor absolutely.

Dated: _____          PHOEBE PUTNEY HEALTH SYSTEMS, INC.

[CORPORATE SEAL]

                                        By: _____

Attest:                                     Title: _____

By: _____

    Title: _____

EXHIBIT "H"

ARTICLES OF INCORPORATION OF PARENT AFFILIATE

# ARTICLES OF INCORPORATION
## OF
## PHOEBE PUTNEY HEALTH SYSTEMS, INC.

## ARTICLE I

### Name

The name of the Corporation is Phoebe Putney Health Systems, Inc.

## ARTICLE II

### Organization

The Corporation is organized pursuant to the Georgia Nonprofit Corporation Code.

## ARTICLE III

### Period of Duration

The period of duration of the Corporation shall be perpetual.

## ARTICLE IV

### Purposes

The Corporation is organized and shall be operated exclusively for charitable, scientific and educational purposes, including:

(a)  To support, promote, advance and stengthen, within the meaning of Section 509(a)(3) of the Internal Revenue Code of 1986, as amended (or corresponding provisions of any subsequent United States internal revenue law) (the "Code"), Phoebe Putney Memorial Hospital, Inc., a Georgia nonprofit corporation ("PPMH"), and, in the discretion of the Board of Directors of the Corporation, to support other nonprofit health care providers organized for

charitable and civic purposes; provided that each corporation is an organization described in Section 501(c)(3) of the Code and in Section 509(a)(1) or (2) of the Code; and, further provided that the Corporation shall be operated, supervised or controlled by or in connection with each additional supported corporation within the meaning of Section 509(a)(3) of the Code;

(b)   To itself operate exclusively for charitable, educational and scientific purposes, and in furtherance of the charitable, educational and scientific purposes, causes and objects now or at any time hereafter fostered by said Phoebe Putney Memorial Hospital, Inc., a Georgia nonprofit corporation, and such other nonprofit and tax exempt health care providers as the Board of Directors of the Corporation elects to support.

(c)   To participate in, form, own and operate joint ventures, partnerships, corporations or other entities, whether or not any such entity is for profit or not for profit, so long as this Corporation's participation therein is not inconsistent with the futherance of the charitable, educational and scientific purposes for which the Corporation is organized.

## ARTICLE V

### Election of Directors

The affairs of the Corporation shall be managed by the Board of Directors which shall exercise all of the powers of the Corporation except to the extent that any such powers are reserved to members, if any, of the Corporation in the Bylaws.   The qualifications, minimum and maximum number and manner of election

2

of the Directors shall be provided in the Bylaws of the Corporation.

## ARTICLE VI
### Initial Board of Directors

The initial Board of Directors shall consist of nine (9) members, whose names and addresses are set forth below. Each member of the initial Board of Directors shall serve as a director for a term of the number of years appearing opposite his name or until his successor has been elected and has qualified.

| Director | Term |
|---|---|
| 1. W. Harry Willson<br>P.O. Box 1275<br>Albany, Georgia | 4 years |
| 2. Anna Louise McCormack<br>P.O. Box 3170<br>Albany, Georgia | 3 years |
| 3. Elmer H. Bridges<br>4917 Van Cise Lane<br>Albany, Georgia | 5 years |
| 4. Nathaniel Cross<br>1503 Lily Pond Road<br>Albany, Georgia | 5 years |
| 5. Bernard P. Scoggins, M.D.<br>1712 East Broad Avenue<br>Albany, Georgia | During term as immediate past Chief of Medical Staff of Phoebe Putney Memorial Hospital |
| 6. Alfredo Stokes<br>2405 Greenmount Drive<br>Albany, Georgia | 3 years |
| 7. Tom Law<br>711 7th Avenue<br>Albany, Georgia | 4 years |

3

8.  Walter Carl Gordon, Jr., M.D.        3 years
    3220 Jacqueline Drive
    Albany, Georgia

9.  Joel Wernick                    During tenure as President/
    417 Byron Plantation Road       Chief Executive Officer of
    Albany, Georgia                 the Corporation

The Board of Directors of the Corporation shall at all times include the Chief Executive Officer of the Corporation and the Immediate Past Chief of the Medical Staff of Phoebe Putney Memorial Hospital.

The Board of Directors of the Corporation shall at all times include at least two physician members who are members of the Medical Staff of Phoebe Putney Memorial Hospital. If at any time any such physician member of the Board of Directors of the Corporation shall be named as the Chief of Staff of the Medical Staff of Phoebe Putney Memorial Hospital, such physician member shall resign from the Board of Directors of the Corporation and such vacancy shall be filled by another member of the Medical Staff of Phoebe Putney Memorial Hospital.

The Board of Directors of the Corporation shall at all times include at least one member of the board of directors of Phoebe Putney Memorial Hospital, Inc.

In addition, the Chairman of the Board of Directors of Phoebe Putney Memorial Hospital, Inc. shall serve as an ex-officio, non-voting member of the Board of Directors.

4

## ARTICLE VII

### Membership in the Corporation

The members of the Corporation shall be the Board of Directors who shall be the sole voting members of the Corporation.

The Bylaws may provide for one or more classes of other members who shall be admitted in such manner and who shall have such rights and privileges as are set forth in the Bylaws but who shall not have the right to vote.

## ARTICLE VIII

### Powers

The Corporation shall have all powers enumerated herein and in the Georgia Nonprofit Corporation Code.

## ARTICLE IX

### Restrictions

This Corporation is organized exclusively for charitable purposes, as a nonprofit corporation, within the meaning of Section 501(c)(3) of the Code, and its activities shall be conducted for such purposes in such a manner that no part of its net earnings shall inure to the benefit of any member, director, officer or individual. In addition, the Corporation shall be authorized to exercise the powers permitted nonprofit corporations under the Georgia Nonprofit Corporation Code, provided, however, that the Corporation while exercising any one or more powers shall do so in furtherance of the charitable, educational and scientific purposes for which it has been organized as described in Section 501(c)(3)

5

of the Code. All of the assets and earnings of the Corporation shall be used exclusively for the charitable, educational and scientific purposes hereinabove set forth, including the payment of expenses incidental thereto and all of the powers of the Corporation shall be exercised exclusively for such purposes. No part of its activities shall inure to the benefit of any individual and no substantial part of its activities shall be for the carrying on of a program of propaganda or for influencing legislation nor shall it participate in any political campaign on behalf of any candidate for public office. The Corporation shall not carry on any activities not permitted to be carried on by an organization exempt from federal income taxation under Section 501(c)(3) of the Code, or any organization to which contributions are deductible under Section 170(c)(2) of the Code.

ARTICLE X

Dissolution

Upon dissolution of the Corporation, all of its assets, including all its interests in any affiliated entities, remaining after the payment of all costs and expenses of such dissolution, and after adequate provision has been made for the discharge or assumption of its liabilities, shall be distributed to PPMH; provided that PPMH is then an organization exempt from federal income taxation pursuant to Section 501(c)(3) of the Code, and if not, then to the Hospital Authority of Albany-Dougherty County, Georgia (the "Authority"), which is a public body corporate and politic and an instrumentality of the State of Georgia, to be used exclusively for a public purpose, and none of the assets will be

6

distributed upon such dissolution to any member, officer or director of the Corporation. If PPMH enters into an agreement with the Authority pursuant to which the Authority leases, transfers and assigns to PPMH all of the assets, operations and liabilities of Phoebe Putney Memorial Hospital (the "Hospital"), then upon the termination of such lease, transfer or assignment agreement, or upon termination of any renewal or extension thereof, all of the assets of the Corporation, including all its interest in PPMH and any other affiliated entities (after adequate provision is made for the discharge or assumption of the Corporation's liabilities) shall be distributed to the Authority to be used exclusively for a public purpose, and the Corporation shall be dissolved, and none of the assets will be distributed upon such termination to any member, officer or director of the Corporation. In the event the Authority is not then in existence or is for any reason unable to accept title to such assets, then all of the net assets of the Corporation shall in that event be distributed exclusively for the purposes of the Corporation, in such manner, and to such organization or organizations, organized and operated exclusively for charitable, scientific and educational purposes, as shall at the time qualify as an exempt organization under section 501(c)(3) of the Code (or the corresponding provision of any future United States internal revenue law), as the Board of Directors shall determine. Any of such assets not so disposed of shall be disposed of by the Superior Court of Dougherty County, exclusively for such purposes and to such organization or organizations, as such court shall determine.

7

The Authority shall have the authority to compel the Corporation's compliance with this Article.

## ARTICLE XI

### Registered Office and Agent

The initial registered office of the Corporation shall be at 417 Third Avenue, Albany, Dougherty County, Georgia 31703. The initial registered agent at such address shall be Joel Wernick.

## ARTICLE XII

### Incorporator

The name and address of the Incorporator is:

> John H. Parker, Jr.
> Parker, Hudson, Rainer & Dobbs
> 1200 Carnegie Building
> 133 Carnegie Way
> Atlanta, Georgia 30303

## ARTICLE XIII

### Amendments

These Articles of Incorporation may be amended at any time and from time to time by the affirmative vote of a majority of all of the Directors then in office.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation this ____ day of December, 1990.

_____
Incorporator

DGC\Phoebe\007

8

EXHIBIT "I"

BYLAWS OF PARENT AFFILIATE

BYLAWS
OF
PHOEBE PUTNEY HEALTH SYSTEMS, INC.
A GEORGIA NONPROFIT CORPORATION


ARTICLE I

Membership

The Members of Phoebe Putney Health Systems, Inc., a Georgia nonprofit corporation under the Georgia Nonprofit Corporation Code (the "Corporation"), shall be those persons who, at any time of determination of the Members of the Corporation, are the members of the Board of Directors of the Corporation.


ARTICLE II

Board of Directors

Section 1. Initial Board. The initial Board of Directors of the Corporation shall be as set out in the Articles of Incorporation.

Section 2. Vacancies. All future vacancies on the Board of Directors (whether due to expiration of the term of a Director, death, resignation, removal or otherwise), subsequent to the appointment of the first nine (9) Director Board in the Articles of Incorporation, shall be filled by majority vote of the remaining Directors.

Members elected to fill vacancies on the Board due to death, removal, or resignation shall hold office for the unexpired portion of the term.

Section 3. Composition of Board. The property, affairs, business and operation of the Corporation shall be managed by a Board of Directors, consisting of nine (9) Directors. The initial members of the Board of Directors and their respective terms of office shall be set forth in the Articles of Incorporation.

Subsequent to the designation of the first nine (9) Director Board and the terms of office as set forth in the Articles of Incorporation, all subsequent Directors shall serve for a term of five (5) years and until their respective successors are elected and qualified. Directors may serve for unlimited successive terms.

No person shall be eligible to serve as a Director who has been convicted of a felony or any crime involving moral turpitude. No Director's spouse shall serve at the same time on the Board of Directors, nor shall any blood relative of a Director (closer than first cousin) serve at the same time on the Board of Directors.

Directors must exhibit the desire, time, interest and ability to support the Corporation and shall be selected based upon interest in and loyalty to the objectives and purposes of the Corporation as set forth in the Articles of Incorporation.

The Board of Directors shall carry out the purposes of the Corporation in compliance with the Articles of Incorporation and the Bylaws of the Corporation.

Section 4. Ex-Officio Board Members. The Chairman of the Board of Directors of Phoebe Putney Memorial Hospital, Inc. a Georgia nonprofit corporation, shall serve as an ex-officio member of the Board of Directors. No ex-officio member of the Board of Directors shall have a vote, and no ex-officio member of the Board of Directors shall be counted as a Director for purposes of Article II, Section 3 hereof.

Section 5. Conflicts of Interest. Each Director and each ex-officio member of the Board shall file a "No Conflict of Interest and Loyalty" statement with the Chairman of the Board. Said statement shall certify that the Director or ex-officio member of the Board will not use his or her position on the Board for financial, political, or other self-interest that could be interpreted by the Board or the Corporation as not being in its best interests, and shall include a pledge that the Director or ex-officio member of the Board will maintain unselfish loyalty to the Board and will disclose to the entire Board the full particulars of his or her financial interest in any matter under consideration by the Board. If, in the view of the Director or ex-officio member of the Board or of the Board, such interest or any other interest may interfere with the exercise of his or her unselfish loyalty to the Corporation or may pose a conflict between duty and self-interest, the Director or ex-officio member of the Board shall neither vote on the issue nor participate in the discussion, but shall leave the room and the minutes shall so reflect that he or she left the room and neither voted nor participated in discussion on the issue (nevertheless his or her presence may be counted for purposes of establishing a quorum).

Section 6. Resignation; Removal. Any Director may resign at any time by giving written notice to the President/Chief Executive Officer of the Corporation or Chairman of the Board, and giving a copy of said notice to the Secretary of the Corporation. Such resignation, which may or may not be made contingent on formal acceptance, shall take effect on the date of receipt or at any later time specified therein.

Any director may be removed for cause by a vote of at least two-thirds (2/3) of the members of the Board of Directors. Any Director sought to be removed shall be given reasonable notice and, in the case of a Director removed for cause, an opportunity to be heard regarding the cause or causes stipulated for his removal.

2