**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

PALMYRA PARK HOSPITAL, INC., :
d/b/a PALMYRA MEDICAL CENTER, :
                                :
    Plaintiff, :
                                :
v. :   Case No. 1:08-CV-102 (WLS)
                                :
PHOEBE PUTNEY MEMORIAL :
HOSPITAL, INC., PHOEBE PUTNEY :
HEALTH SYSTEM, INC., :
                                :
    Defendants. :
_____ :

## ORDER

Presently pending before the Court is Defendants Phoebe Putney Memorial Hospital, Inc. and Phoebe Putney Health System, Inc.'s Motion to Renew Pending Motion to Dismiss and Other Motions, Request for Rulings on All Pending Motions, Request for Supplemental Briefing Scheduling, and Motion for Extensions of Time to Answer. (Doc. 70).

On June 1, 2010, the United States Court of Appeals for the Eleventh Circuit reversed the Court's Order (Doc. 44) granting Defendants Phoebe Putney Memorial Hospital, Inc. (hereinafter, "Phoebe") and Phoebe Putney Health System, Inc.'s (hereinafter, "PPHS") Motion to Dismiss (Doc. 10) and Defendant Hospital Authority of Albany/Dougherty County's (hereinafter, "Authority") Motion to Dismiss (Doc. 13). (Doc. 68). In its reversal, the Eleventh Circuit found that Plaintiff Palmyra Park Hospital, Inc., d/b/a Palmyra Medical Center, had antitrust standing to prosecute its claims against Phoebe under Section 4 of the Clayton Act and that Plaintiff satisfied the standing test required to seek injunctive relief against Phoebe under Section 16 of the Clayton Act. (Doc. 68). The Eleventh Circuit declined to affirm the Court's

1

judgment on an alternative claim that Plaintiff failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6), finding that appellate review "would benefit from initial consideration by the district court." (Doc. 68-2 at 30-31 n.15).

In their instant motion (Doc. 70), Defendants contend that Phoebe is entitled, per mandate from the Eleventh Circuit, to have a ruling by the Court on all other grounds asserted in Phoebe's original Motion to Dismiss (Doc. 10) and that additional briefing is warranted due to the passage of time, dismissal of Hospital Authority as a party, and relevant developments in case law. Phoebe also requests fourteen (14) days after ruling on the remaining grounds asserted in its motion to dismiss within which to answer Plaintiff's Complaint.

In opposition, Plaintiff contends that the Eleventh Circuit has not mandated the Court to consider Phoebe's alternative grounds for dismissal, nor should the Court consider alternative grounds in light of two years of litigation. Nevertheless, Plaintiff asserts that should the Court allow Phoebe to renew its motion to dismiss, the Court should allow no further briefing on the motion, and enter a scheduling order permitting Plaintiff to begin discovery.

In its reply in support of its motion, Phoebe contends that it is entitled to have the Court consider additional grounds presented in its original motion to dismiss, since the Court's opinion rested on other grounds. Phoebe also states that no delay occurred; rather, two years elapsed as issues were briefed, the Court considered and ruled on issues, Phoebe appealed, and the Eleventh Circuit ultimately issued a ruling. Phoebe reiterates its other grounds in support of its motion and contends that Plaintiff failed to respond to its request for fourteen (14) days within which to answer Plaintiff's complaint, if necessary, following the Court's ruling on Phoebe's motion to dismiss.

Upon review of the Eleventh Circuit's decision and the briefing of the parties, the Court agrees that supplemental briefing regarding Phoebe's motion to dismiss and corresponding time to answer the complaint is warranted. The U.S. Supreme Court has highlighted in its recent decisions and opinions the importance courts must give to motions to dismiss. *See* <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-54 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Nevertheless, the Court disagrees that it is <u>obligated</u>, as Phoebe contends, to rule on other arguments presented in Phoebe's motion. The Court also finds that no delay has occurred, such that staying discovery at this juncture would be improper while allowing supplemental briefing. The Court finds it a prudent course of action to permit supplemental briefing; accordingly, supplemental briefing shall proceed as follows:

Phoebe shall have twenty-one **(21) days** from the date of this Order within which to submit its supplemental, updated motion to dismiss. Plaintiff shall have **twenty-one (21) days** thereafter within which to submit a response brief. Phoebe shall have **fourteen (14) days** thereafter within which to submit a reply brief. The Parties are placed on notice that the Court will not favorably consider motions for extensions of time, pages, or other submissions, so as to ensure that briefing shall proceed efficiently and that arguments are succinct.

The Court shall rule on any other outstanding motions as necessary, following issuance of a decision on Phoebe's motion to dismiss. If and to the extent Phoebe's motion is denied on any remaining ground, Phoebe shall have **fourteen (14) days** after ruling within which to answer Plaintiff's Complaint. Accordingly, Phoebe's Motion to Renew Pending Motion to Dismiss and Other Motions, Request for Rulings on All Pending Motions, Request for Supplemental Briefing Scheduling, and Motion for Extensions of Time to Answer (Doc. 70) is **GRANTED-in-part** and

3

**DENIED-in-part**. It is further ordered that discovery shall be **STAYED** pending the Court's ruling on Phoebe's Motion to Dismiss.

**SO ORDERED**, this  21st  day of October, 2010.

                                       /s/ W. Louis Sands
                                     **THE HONORABLE W. LOUIS SANDS,**
                                     **UNITED STATES DISTRICT COURT**